**DIATOMITE CORPORATION OF AMERICA, Appellant,**

v.

**LEHIGH PORTLAND CEMENT CO.,**
Appellee.

No. 17422.

United States Court of Appeals
Fifth Circuit.

April 1, 1959.

Rehearing Denied April 29, 1959.

Walter Humkey, Cody Fowler, Richard F. Ralph, William Norwood, Miami, Fla., for appellant, Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., of counsel.

George Gilleland, Marshall S. Scott, Scott McCarthy Preston Steel & Gilleland, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

Appellant assignor owned and sold to appellee 2,901 acres of land in Volusia County, Florida, following the latter's acceptance of an option which provided that purchaser might not *require* title to all the land, and it gave to the seller an option to repurchase at $100 an acre any part which it did not *desire* to retain.[1] Lehigh, the appellee, was engaged in the manufacture of cement from certain rock formations which existed under parts of the tract of land. It did not notify appellant of its desire to resell any of the land, but notified it that it "desires and requires" to retain all of the land purchased.

Thereupon appellant brought suit for declaratory judgment, seeking to have the court determine that Lehigh was obligated to resell to it all the property not "required" for coquina mining and that such part consisted of lands which "do not contain commercially minable deposits of coquina rock and shell."

The trial court held that the complaint should be dismissed with prejudice for failure to state a cause of action, and from this order this appeal was taken.

We affirm the judgment of the trial court.

The option contract was plain and unambiguous on its face. It gave to the purchaser the right to retain all the land except that which it might "desire" to resell. The fact that it stated that it might not need (require) all the property did not change the meaning of the word

---

1. The language of the agreement here pertinent, is as follows:

"It is understood that there is a possibility that the optionee and/or purchaser of the property will not require title to all of the land involved in the tract herein described and said optionee and/or purchaser does hereby give Mr. Harold Aron, and/or his assigns, the right and privilege to purchase any portion of the land herein described that they do not desire to retain at the price of One Hundred ($100.00) Dollars per acre. This privilege shall be given by the optionee and/or purchaser to the said Mr. Harold Aron and/or his assigns by registered mail not later than the 15th day of September, A.D., 1956, c/o Louis Ossinsky, Sr., Esq., 411 Main Street, Daytona Beach, Florida, describing the property which the optionee and/or purchaser does not desire to retain and, upon receipt of said notice, said Harold Aron and/or his assigns shall exercise said option to purchase said land, as herein granted, within sixty (60) days thereafter by registered mail, addressed to the said John C. Shumberger, Jr., at 31 South Hall Street, Allentown, Pennsylvania, or at the last known Post Office address of the said optionee and/or purchaser, and said transaction shall be consummated at the office of Messrs. Horn & Ossinsky, 411 Main Street, Daytona Beach, Florida, by noon on the 15th day of December, A.D., 1956. and delivering the purchase price simultaneously with delivery of a good and sufficient warranty deed conveying said real property."

"desire" to "require." It simply meant that if, because it did not require part of the property it should desire to resell that part, it must first give the right of repurchase to the original owner. It did not mean that upon a failure of Lehigh to require it all for the specific purpose of mining coquina rock or for any purpose then it was compelled to resell it regardless of its desire to do so.

The judgment is affirmed.